IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALDEA HOMES, INC., TKR
PROPERTIES, LLC,

      Plaintiffs,

  vs.

STEVEN NOLE, and DOES 1 through 10,

      Defendants.

No. 2:12-cv-02962-KJM-EFB

<u>ORDER</u>

/

      This matter comes before the court on plaintiffs' motion to remand. (ECF 9.) The court has decided this matter without a hearing. For the following reasons, plaintiffs' motion to remand is granted. The court also awards plaintiffs attorney's fees.

I.    <u>FACTS AND PROCEDURAL HISTORY</u>

      Plaintiffs filed an unlawful detainer action against defendant in the Superior Court of California, County of Placer, on August 14, 2012. (Mot. to Dismiss and Mot. to Remand at 3, ECF 9.) The matter was tried on September 28, 2012 and judgment was entered in favor of plaintiffs. (Req. for Judicial Notice, Ex. 1, ECF 9-1.) On October 11, 2012, defendant removed the action to this district, arguing that removal was justified on federal question and diversity

1

grounds. (Req. for Judicial Notice, Ex. 2 at 1, ECF 9-2.) The judge assigned to the matter at that time did not find jurisdiction on either of these grounds and therefore remanded the case to the Placer County Superior Court on December 3, 2012. (*Id.* at 3.) On December 7, 2012, defendant again removed the action to this court, alleging grounds of federal question and diversity jurisdiction. (ECF 1.) Defendant subsequently filed a cross-complaint against multiple corporate defendants, alleging violations of federal and California law in the foreclosure process. (Cross-compl., ECF 5.) Plaintiffs filed the present motion to remand on January 8, 2013. (ECF 9.) Defendant filed an opposition on February 1, 2013 (ECF 10), and plaintiffs filed a reply on February 7, 2013 (ECF 12).

In the instant motion, plaintiffs move to remand and also request costs and attorney's fees associated with opposing defendant's removal attempt. (ECF 9 at 7.) The court grants the motion to remand, declines to address plaintiffs' cross-complaint, and awards attorney's fees to plaintiffs.

II. <u>STANDARD</u>

District courts have subject matter jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties. 28 U.S.C. §§ 1331, 1332(a). The removal statute, 28 U.S.C. § 1441(a), provides: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of

removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979)). There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id.; see also Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 685 (9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction."). Accordingly, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).

III.   ANALYSIS

    A.   Motion to Remand

The defendant has not sustained his burden of showing removal jurisdiction. The court declines to accept removal for the same reasons the first removal motion was rejected on December 3, 2012. *See Aldea Homes Inc. v. Nole*, 2:12-CV-02546-GEB, 2012 WL 6020459 (E.D. Cal. Dec. 3, 2012); (ECF 9-2). Diversity jurisdiction is not viable because both plaintiffs and defendant are citizens of California. (*See* Compl. in Superior Court of Cal., Placer County, at 3, ECF 1-2; ECF 9-1 at 8.) Federal question jurisdiction is not viable because plaintiffs' complaint in Placer County Superior Court contains a single state-law claim for unlawful detainer under California Code of Civil Procedure § 1161. (*Id.*)

Defendant contends that the present removal action cures the deficiencies of the first removal attempt because he has also filed a cross-claim. (ECF 2 at 2-3.) The cross-claim names multiple corporate defendants that allegedly are organized outside of California. (ECF 5 at 2-5.) The cross-claim alleges that these defendants perpetrated a wrongful foreclosure scheme involving violations of federal and state law. (*Id.* at 7-27.)

Removal cannot be based on cross-claims filed after the removal action, however. "[P]ost-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976-77 (9th Cir. 2006) (citing *Sparta*

*Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988)). "Because post-removal pleadings have no bearing on whether the removal was proper, there is nothing a defendant can or need do to perfect the removal." *Id.* (citing *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996)). The court remands this case for lack of subject matter jurisdiction.

        B.        Request for Costs and Attorney's Fees

Plaintiffs ask for costs and attorney's fees incurred as a result of defendant's baseless removal. (ECF 9 at 7.) They allege that removal was effected for purposes of harassment and delay. (*Id.*) Defendant denies these allegations. (ECF 10 at 4.)

Title 28 U.S.C. § 1447© provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As the Ninth Circuit has observed, section 1447© was amended in 1988 explicitly to add "attorney fees" to the expenses that plaintiffs may recover upon an order of remand. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). In enacting section 1447©, Congress "unambiguously" left the decision to award fees to the discretion of the district court. (*Id.*) A district court may award fees to plaintiffs in section 1447© cases even absent a finding of bad faith. (*Id.*) The purpose of an award is not to punish defendants, but to reimburse plaintiffs for unnecessary litigation costs incurred as a result of the unsuccessful removal attempt. (*Id.* at 447.)

The court finds that an award of attorney's fees is appropriate in this case. The present attempt to remove relies upon the same reasons repudiated by the court in defendant's first removal attempt. (*See* ECF 9-2.) Moreover, defendant seeks to remove after judgment has been entered in plaintiffs' favor in state court. (ECF 9.2.) "Defendants may not 'experiment' in state court and remove upon receiving an adverse decision." *Moore*, 981 F.2d at 447. Further, the strategy of filing for removal, then filing a cross-claim that alleges violations of federal law by out-of-state defendants in an effort to secure jurisdiction, is futile in the face of a motion to

remand. As discussed above, it is clearly established law that a motion to remove cannot be based upon post-removal amendments to the pleadings. This second removal attempt has wasted judicial resources and unnecessarily prolonged the litigation.

The Ninth Circuit uses the lodestar method for determining a reasonable attorney fee. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996); *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995); *see also Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004) (using the lodestar method to assess attorney's fees following an order of remand). Under the lodestar method, the court calculates the lodestar figure by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales*, 96 F.3d at 363 (citing *McGrath*, 67 F.3d at 252).

Counsel for plaintiffs has provided a declaration that he has spent four hours, at a rate of $250.00 per hour, in preparing and filing the motion to remand, and plaintiffs thus request $1000.00 in attorney's fees. (ECF 9 at 9.) In the same declaration, counsel notes that additional fees will accrue in replying to any opposition to plaintiffs' motion to remand and request for fees. (*Id.*) Although defendant filed an opposition and plaintiffs a reply, plaintiffs have not supplemented the amount in fees they seek. (*See* ECF 10 & 12.)

The court finds the amount charged and time spent by plaintiffs' counsel in preparing and filing the motion to remand reasonable. For four hours of work at a fee of $250.00 per hour, the court thus orders defendant's counsel to reimburse fees in the amount of $1000.00.

IV.   CONCLUSION

For the stated reasons, this case is remanded to the Superior Court of California, County of Placer. The court additionally orders:

1. Defendant's counsel to pay to plaintiffs' attorneys' fees in the amount of $1,000.00;

5

2. Defendant's counsel to pay this sanction herself and not pass on this cost to her client; and

3. Within two weeks of the date of this order, defendant's counsel to file a declaration with this court attesting that she has complied with this order in full.

IT IS SO ORDERED.

DATED: March 21, 2013.

_____
UNITED STATES DISTRICT JUDGE